SUMMARY ORDER

Mei Yu Chen, a native and citizen of the People’s Republic of China (“China”), seeks review of a January 7, 2008 order of the BIA, affirming the February 2, 2004 decision of Immigration Judge (“IJ”) Philip L. Morace, denying her application for asylum, withholding of removal, and relief under the Convention against Torture (“CAT”). In re Mei Yu Chen, No. A077 977 581 (B.I.A. Jan. 7, 2008), aff'g No. A077 977 581 (Immig. Ct. N.Y. City Feb. 2, 2004). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts and supplements the IJ’s decision, we review the IJ’s decision as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We conclude that the agency did not err in denying Chen’s application for asylum, withholding of removal, and CAT relief. While Chen argues that the BIA failed to consider portions of the record that allegedly support her claim, we have rejected the notion that the agency must “expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner,” Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008) (internal quotation marks omitted), and “presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise,” Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 n. 17 (2d Cir.2006). The BIA reasonably found, based on this record, that the Chinese government does not physically compel sterilization but rather seeks to secure compliance with its family planning goals by imposing economic and social sanctions as an alternative to sterilization, and that such sanctions do not rise to the level of persecution. See Jian Hui Shao, 546 F.3d at 164(finding *719 that the BIA reasonably concluded that the economic rewards and penalties used to implement the family planning policy in Fujian Province did not necessarily amount to “physical or mental coercion”). While we have recognized that, in some circumstances, “severe economic penalties could be as effective as physical pressure in forcing an involuntary sterilization,” the record evidence in this case did not compel the BIA to find a reasonable possibility of the imposition of penalties amounting to economic persecution upon the petitioner’s return to China. Id. at 161-62.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).